# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR NUNEZ MUNOZ, CDCR#T-60966,<br><br>                              Plaintiff,<br><br>vs.<br><br>D. WORTHINGTON; CLAYTON; IMPERIAL COUNTY; MEDICAL STAFF; HOUSING INMATES,<br><br>                              Defendants. | Civil No.    11cv1524 BTM (WVG)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **[ECF No. 2]; AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Victor Nunez Munoz ("Plaintiff"), formerly detained[1] at the Imperial County Jail in El Centro, California, and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

///

///

///

---

[1] Based on the return of mail sent to Plaintiff by the Court, it appears that Plaintiff is no longer housed at the Imperial County Jail. Plaintiff has not submitted a notice of change of address with the Court.

# I.

## MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted a copy of his trust account statements pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. This statement shows Plaintiff has no money in his account, and therefore, insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [ECF No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire balance of the $350 filing fee owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Plaintiff names individual Defendants and appears to make some factual allegations pertaining to the conditions of his confinement in the Imperial County Jail. (*See* Compl. at 2.) The remainder of the Complaint is disjointed and fails to make a coherent argument from which the Court could discern the basis of Plaintiff's action.

The only facts from which the Court can interpret Plaintiff's claims are his allegations that the food is "not cook[ed] right" and medical staff are not giving Plaintiff his "cream" or medication nor are they providing for his "shoe chrono." (*See* Compl. at 2.)

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, there are simply no facts from which this Court could even determine whether Plaintiff has a serious medical need or how the Defendants were deliberately indifferent to those needs. Thus, the Court finds that Plaintiff has failed to allege an Eighth Amendment deliberate indifference to serious medical need claim. While Plaintiff will be given the opportunity to file an Amended Complaint, the Court cautions that he must provide factual allegations that link an allegation of a constitutional violation to a specific Defendant.

/ / /

/ / /

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Watch Commander of the Imperial County Jail, or his designee, is ordered to collect from Plaintiff's inmate trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, Imperial County Jail, P.O. Box 679, El Centro, California 92244.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5. The Clerk of Court is directed to mail a Court approved § 1983 complaint form to Plaintiff.

**IT IS SO ORDERED.**

Dated: October 6, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge